WONG KO, Administrator Estate of WONG KIM, Deceased,
  *vs.* THE HAWAIIAN GOVERNMENT.

APPEAL FROM DECISION OF BICKERTON, J.

JULY TERM, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

The Hawaiian Government sold a quantity of opium to plaintiff,
conditioned that it remain in bond until exported by plaintiff.
The plaintiff had paid the purchase-money for the opium, but
before it was delivered to him it was destroyed by fire.

Held, that defendant in holding the opium was not a mere gratuitous
. bailee; also, that the destruction of the opium before delivery
makes the deposit of the purchase price without consideration.

OPINION OF THE COURT.

Upon a careful consideration of this case and the briefs sub-
mitted, we are of opinion that the decision of Mr. Justice Bick-
erton, filed on the 4th of April, 1889, should be affirmed, and
we accordingly affirm the same and order judgment for the
plaintiff for the amount claimed.

The Government in holding the opium was not a mere
gratuitous bailee. The condition of sale was that the opium
should remain in bond until exported by the vendee to China
or the United States, and the Government's retention of the
opium until the vendee should signify his readiness to so
export it, prevented the delivery.

The destruction of the opium before delivery makes the
deposit of the purchase price without consideraiion.

*W. R. Castle*, for plaintiff.

*C. W. Ashford* (Attorney-General), for defendant.

———

CONCURRING OPINION OF DOLE, J.

This was a sale of opium which was not completed by
delivery; it is claimed and not denied that the defendant under-
took by the contract of sale to deliver the opium on board such

vessel, about to sail for San Francisco or China, as the vendee should designate; consequently something remained to be done by the vendor in regard to the articles sold, before the sale was complete, and this being the case, the risk remained with the vendor. If the contract had been merely that the vendse should receive or take the goods at his convenience, from whatever place they were stored in, it would have been a completed sale so far as the vendor was concerned, and the risk would have been in the vendee. "If by the terms of the contract the seller engages to deliver the thing sold at a given place, and there be nothing to show that the thing sold was to be in the meantime at the risk of the buyer, the contract is not fulfilled by the seller unless he delivers it accordingly." (32 L. J. Q. B., 322, 355).

Upon this ground, therefore, I think the judgment appealed from should be affirmed.

---

### Decision of Bickerton, J., Appealed From.

The plaintiff claims of defendants the sum of five hundred and eighty-nine 88-100 dollars with interest from 30th day of April, 1886, for money had and received by the defendant for the use of the plaintiff's decedent, Wong Kim. The parties file the following stipulation:

"It is hereby stipulated by and between the parties to the above entitled action, that no further evidence than this agreement be offered as to the fact of Wong Ko's being the only appointed and acting administrator of the estate of Wong Kim, deceased.

That all of the evidence, both oral and documentary, now on file in the records of the case of *Wong Kim vs. Soper* in the Supreme Court, together with the Trial Justice's notes of said case, may be used as the evidence in this case, and that no further evidence shall be offered or required herein.

· It is further stipulated and agreed that it shall be considered as an established fact and in evidence in this case, that after

the sale of the opium involved in this case, and before the great fire of April 18th, 1886, wherein the said opium was destroyed, that there were departures of vessels from Honolulu to San Francisco, by any one of which said Wong Kim might have exported said opium to San Francisco had he so desired, but that in fact he did intend to export the same direct to Hong Kong in China.

Dated, Honolulu, March 28th, 1889."

It appears from the evidence that this opium was sold at public auction by L. J. Levey on April the 1st, 1886, under instructions from J. H. Soper, Marshal, permission having been granted by the President of the Board of Health as follows :

"Permission is hereby granted to John H. Soper, Marshal, to enter at the Custom House at Honolulu, for sale in the Hawaiian Kingdom, the following, to wit : 500 tins of opium more or less, to be sold for export, either privately or publicly, the same having been seized as contraband (to be sold in bond) in accordance with the statutes of the Kingdom in such cases made and provided."

That the conditions of sale were cash. The opium was sold in bond to be exported out of the Kingdom either to America or China and to be delivered to the purchaser on board such ship as purchaser might designate. That at the sale the opium was knocked down to Wong Kim for the sum of $589.88. That he paid that amount and produces a receipt for the same. From this it would appear that Wong Kim was not to have the actual possession of the opium. Immediately after the auction the opium was counted and placed in a hand cart in the presence of Wong Kim, and a receipt was given by Mr. Markham, the Port Surveyor, as follows :

"363 tins, hf. lb., April 1st, 1886.

Received from Marshal J. H. Soper three hundred and sixty-three tins of opium in bad order more or less."

The opium was eventually taken to the Police Station where it was kept until the great fire, by which it was consumed.

It is claimed by defendant that several opportunities occurred during the interval between the purchase and destruction by fire, to send this opium to San Francisco, and the plaintiff not having taken advantage of these opportunities, the opium was here at his own risk, and that it was a gratuitous bailment on the part of the Government.

I cannot agree with this proposition on the part of the defendant. It is clear to me that Wong Kim had the option of sending it to China if he so desired, and that a reasonable time had not passed between sale and destruction. He was not required to send opium to San Francisco because there was an opportunity to do so. It was a sale, the purchase price was paid, but no delivery of the goods; and it seems to me that it is only right and just that the Government should refund this money.

Judgment for the plaintiff for amount claimed with interest from the 30th day of April, 1886, and costs.